IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRY JOINER                          *

      Plaintiff,                      *

          v.                       *   CIVIL ACTION NO. 2:05-CV-661-D
                               (WO)

MONTGOMERY POLICE DEPT.,              *
*et al.*,
                                      *

      Defendants.

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Henry Joiner, an inmate incarcerated in the Hale

County Jail in Greensboro, Alabama, complains that he is unlawfully imprisoned because he

completed service of the sentence on which he is currently incarcerated in 2002. Plaintiff,

therefore, complains that his "re-incarceration" in 2005 on a sentence he completed in 2002

is in violation of his right not to be placed in double jeopardy. Seeking injunctive relief and

monetary damages, Plaintiff sues the Montgomery Police Department, the Montgomery City

Jail, the City of Montgomery, and Montgomery County, Alabama.  Upon review of the

complaint, the court concludes that dismissal of this case prior to service of process is

appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires
the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is

## I. **DISCUSSION**

*A.  The Montgomery City Jail and the Montgomery Police Department*

Plaintiff names the Montgomery City Jail and the Montgomery Police Department as defendants.  These institutions are not legal entities and, therefore, are not subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11ᵗʰ Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against the Montgomery City Jail and the Montgomery Police Department are due to be dismissed.  *Id.*

*B. The Challenge to Plaintiff's Conviction/Sentence*

It is clear that the claims on which Plaintiff seeks to proceed go to the fundamental legality of a judgment and sentence imposed upon him by a state and/or city court located in Montgomery, Alabama.  Consequently, these claims provide no basis for relief at this time.  *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994).

The plaintiff in *Heck* was a state inmate who sued the prosecutors assigned to his case and a state investigator who participated in the investigation which led to his conviction.  He alleged that the defendants knowingly destroyed evidence which was exculpatory in nature and caused an unlawful voice identification procedure to be used at

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

his trial. The complaint sought compensatory and punitive damages. In deciding the claims presented by Heck, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must, therefore, be dismissed. *Heck*, 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

3

The claims presented in this civil action challenge the constitutionality of Plaintiff's current imprisonment on a sentence imposed on him by a state and/or city court in February of 2005.  A judgment in favor of Plaintiff on these claims would necessarily imply the invalidity of this sentence.  A review of the pleadings filed herein fails to establish that the sentence about which Plaintiff complains has been invalidated in an appropriate proceeding.  Consequently, the instant collateral challenge to Plaintiff's conviction and/or sentence is prohibited.  *See Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 487.  This civil action is, therefore, due to be dismissed in accordance with the provisions set forth in 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## II.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's § 1983 claims against the Montgomery City Jail and the Montgomery Police Department be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  To the extent Plaintiff's complaint challenges the constitutionality of a conviction and/or sentence imposed upon him by a state and/or city court located in Montgomery, Alabama, in February 2005,  these claims be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.  This case be dismissed prior to service of process pursuant to the provisions of

4

28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 1, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of July, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

5